UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN PABLO RAFAEL BEATO,

    Plaintiff,

-vs-

LEXISNEXIS RISK SOLUTIONS INC.,

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Juan Pablo Rafael Beato (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LexisNexis Risk Solutions Inc. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create consumer reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information.

1

The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Polk County in the State of Florida; the Defendant transacts business within this District; and violations described in the Complaint occurred in this District.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. LexisNexis is a corporation headquartered at 1000 Alderman Drive in Alpharetta, Georgia 30005.

10. LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.  LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.  LexisNexis is one of the largest credit reporting agencies in the United States today.

13.  On or about June 2025, Plaintiff began to request quotes for auto insurance to obtain a new policy and lower rate. During this time, Plaintiff was quoted for a higher rate than expected. This came to a surprise to Plaintiff.

14.  As a result, Plaintiff reviewed his current costs associated to his existing Geico Insurance Policy and learned that his auto insurance premium increased in July of 2023 without an explanation.

15.  Shortly thereafter, Plaintiff requested a copy of his LexisNexis report.

16.  On or about July 18, 2025, Plaintiff obtained a copy of his LexisNexis report and upon review, he learned that his son's auto accident that occurred in July of 2023 was also being reported on his report, Insurance Claim Number 8680903390000001 (hereinafter "Insurance Claim").

17.  This was concerning Plaintiff as Plaintiff's son was not on his insurance policy. Plaintiff grew concerned that LexisNexis was mixing him up with his son as they share the same first and last name, but have different date of births, and different Social Security numbers.

18.  On or about August 4, 2025, Plaintiff mailed a dispute letter to LexisNexis. In the letter, Plaintiff requested a copy of his LexisNexis report. Further, Plaintiff advised

that LexisNexis was mixing him and his son up on his consumer report. As a result, the Insurance Claim was wrongly being reported on Plaintiffs report and needed to be removed. In the letter, Plaintiff included an image of his driver's license and a billing statement for proof of identity.

19. Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 2629 2503 13.

20. On or about September 3, 2025, Plaintiff received a copy of a LexisNexis Report. However, LexisNexis in error mailed Plaintiff's son's consumer report.

21. The Defendant failed to have policies and procedures in place to ensure maximum possible accuracy of Plaintiff's consumer report and erroneously mixed Plaintiff with his son. The Defendant is clearly aware of the tradition of naming kids after their ancestors.

22. As a result, on September 17, 2025, Plaintiff again mailed a request to LexisNexis for a copy of his consumer report and to re-dispute the Insurance Claim. Again, Plaintiff provided an image of his driver's license and billing statement for proof of identity.

23. Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 2629 2507 95.

24. Despite delivery confirmation on September 20, 2025, Plaintiff never received a response to his most recent dispute nor a copy of his current LexisNexis Report.

25. Upon information and belief, LexisNexis continues to report the inaccurate Insurance Claim on Plaintiff's consumer file.

26. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes. LexisNexis could have easily ascertained that they were wrongly mixing Plaintiff and his son by reviewing basic personal identifying information such as a date of birth or last four digits of a social security number.

27. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors;

   iv. Defamation and the Defendant has published inaccurate information to third party entities such as Allstate and State Farm Mutual;

   v. Apprehensiveness to apply for auto insurance due to LexisNexis's errors.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

28. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-seven (27) above as if fully stated herein.

29. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

30. LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

31. Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information. LexisNexis failed to have policies and procedures to avoid misreporting auto insurance records.

32. Upon information and belief, LexisNexis is aware that it has misrepresented driving records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

33. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

34. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

35. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Juan Pablo Rafael Beato, respectfully requests that this Court award actual damages against Defendant, LexisNexis Risk Solutions Inc., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions Inc.  (Willful)

37. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-seven (27) above as if fully stated herein.

38. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

39. LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

40. Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information.  LexisNexis failed to have policies and procedures to avoid misreporting auto insurance records.

41. Upon information and belief, LexisNexis is aware that it has misrepresented driving records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

42. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

43. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

45. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Juan Pablo Rafael Beato, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LexisNexis Risk Solutions Inc., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681g as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully stated herein.

47.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

48.     Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

49.     Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

50.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

51.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Juan Pablo Rafael Beato, respectfully requests that this Court award actual damages against Defendant, LexisNexis Risk Solutions Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at

the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

53. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-seven (27) above as if fully stated herein.

54. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

55. Plaintiff provided LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

56. Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his consumer report, or dispute results to Plaintiff.

57. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Juan Pablo Rafael Beato, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LexisNexis Risk Solutions Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Juan Pablo Rafael Beato, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LexisNexis Risk Solutions Inc., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED 31st day of October 2025.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066

The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*